UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 20 ATLANTIC AVENUE CORP., AND MICHAEL P. VINING<br>                Plaintiffs,<br>v.<br><br>ALLIED WASTE INDUSTRIES, INC.<br>                Defendant.<br><br>v.<br><br>DAVID VINING,<br>                Third Party Defendant. | CIVIL ACTION NO. 03-10987-JGD |

### NOTICE OF ATTORNEYS' LIEN

Now come attorney Laurence M. Johnson and the law firm of Davis, Malm & D'Agostine, P.C. (the "Attorneys"), counsel for the plaintiffs, 20 Atlantic Avenenue Corp. and Michael P. Vining ("Plaintiffs"), and hereby assert, pursuant to G.L. c. 221, § 50, an attorneys' lien in the amount of $614,316.48 for fees and expenses incurred on behalf of the Plaintiffs. As grounds therefore, the Attorneys state as follows:

The attorneys' lien is established pursuant to G.L. c. 221, § 50, which states in relevant part:

> From the authorized commencement of an action, counterclaim or other proceeding in any court . . . the attorney who appears for a client in such proceedings shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending ...may determine and enforce the lien....

The Attorneys were retained by the Plaintiffs on or about May 9, 2002, pursuant to a written engagement agreement which provided for compensation of the Attorneys on a time charge basis. Prior to its execution by Plaintiffs, the engagement agreement was furnished to Plaintiff's corporate counsel, Kenneth Tatarian, Esq. A copy of the engagement agreement is attached hereto as Exhibit "A."

Thereafter, on or about February 27, 2008, the engagement agreement was amended, at the request of the Plaintiffs, to provide, in relevant part, that Plaintiffs' liability for payment of the then unpaid balance of accrued time charges over $800,000 and for all future time charges on the case, would be contingent upon, and payable solely out of a percentage of, any recovery and that the Attorneys would be entitled to additional contingent compensation in the amount of twenty-five per-cent of any recovery in excess of $14,500,000. The amended engagement was discussed at length between the Attorneys, Plaintiffs and Plaintiffs' corporate counsel prior to its execution and Plaintiffs' corporate counsel was present approved same at the time of its execution. A copy of the amended engagement agreement is attached hereto as Exhibit "B."

The present action was originally filed on March, 26, 2003 by the Plaintiffs. The Plaintiffs were represented by the Attorneys who appeared for them as their counsel of record.

The Attorneys thereafter continuously represented Plaintiffs since the inception of this matter in early 2003 through the present.

At present (and subject to the Defendant, Allied Waste Industries, Inc. making its third and final settlement payment on July 1, 2009), the Plaintiffs owe the Attorneys a balance of $614,316.48 for outstanding legal fees and costs pursuant to their amended fee agreement with the Attorneys of February 27, 2008. Pursuant to the terms of G.L. c. 221, § 50, the Attorneys have a lien for their "reasonable fees and expenses upon the judgment, decree, or other order in

2

the [Plaintiff's] ... favor, entered or made in such proceeding, and upon the proceeds derived therefrom."

Notice is hereby given of the aforesaid attorney's lien.

/s/ Laurence M. Johnson
Laurence M. Johnson/BBO #252720
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500

ljohnson@davismalm.com

Dated: May 28, 2009

505626v.2

3

# EXHIBIT A



DAVIS MALM &
D'AGOSTINE P.C.
ATTORNEYS AT LAW

Laurence M. Johnson

May 9, 2002

Mr. Michael P. Vining, President
Atlantic Packaging, Inc.
20 Atlantic Avenue
Woburn, MA 01801

Re:   Atlantic Packaging, Inc. and Michael P. Vining - Allied Waste Industries, Inc.

Dear Michael:

      This letter will summarize the terms upon which Atlantic Packing, Inc. ("Atlantic") and you (collectively, the "Client") are engaging Davis, Malm & D'Agostine (the "Firm") to represent them in connection with claims against Allied Waste Industries, Inc. ("Allied") arising our of the Agreements between Allied and Atlantic dated September 22, 1997 and August 8, 2001.

      1.    Attorneys' fees for the services rendered in connection with the matter will be calculated on the following basis:

      Compensation will be calculated on an hourly basis. My present hourly rate is $350.00. Other partners, junior attorneys and legal assistants will be employed, under my supervision, to perform such tasks as may properly be delegated to them and as are consistent with representing Client at the lowest possible cost while maintaining the quality of our work. We will charge for the work of both myself and such persons, at our established hourly rates which will, in the case of all persons who will assist me on this matter, be lower than mine, and range from $85.00 to $95.00 for legal assistants to $135.00 to $325.00 per hour for attorneys. The hourly rates applicable to the various attorneys and legal assistants in the Firm are usually reconsidered and modified on an annual basis, as of January 1st of each year. Notice of any change will be given to you. I do not anticipate that my hourly rate will be increased during the present year.

direct 617-589-3810 *direct fax* 617-305-3110
*email* ljohnson@davismalm.com
ONE BOSTON PLACE • BOSTON • MA • 02108
617·367·2500 • *fax* 617·523·6215
w w w . d a v i s m a l m . c o m

Mr. Michael P. Vining, President
May 9, 2002
Page 2



DAVIS MALM &
D'AGOSTINE P.C.

    2.    It is the Firm's policy in litigation matters to charge a retainer based upon our estimate of the probable level of activity during a normally active billing period. The retainer in this case will be $10,000.00.

    3.    Retainers are held by the Firm, as security for the payment of the Firm's fees and expenses, until the conclusion of our representation and are held in a client trust account, until applied to payment of the Firm's fees or refunded. The Firm does not segregate retainers received from clients and neither earns nor pays any interest with respect to them. The Firm will invoice the Client monthly for its fees and expenses and such invoices are due and payable upon presentation, without regard to the retainer. Such invoices will reflect the work done, attorney or legal assistant who has performed it and the time expended and will account by category and amount for out-of-pocket expenses. Backup for expenses is retained by the Firm and copies will be made available as requested by the Client. At its option, the Firm may pay any invoice and/or expenses for which payment has not been received within thirty days of the date of such invoice, from the retainer and in such event, the Client will be expected to promptly restore the retainer to its full amount by payment of such invoice. Any amount of the retainer not applied to payment of the Firm's invoices will be refunded to the Client promptly at the conclusion of our representation.

    4.    The Client shall also either pay directly (or reimburse the Firm) for all disbursements and other out-of-pocket expenses incurred by the Firm in connection with its representation of the Client including, without limitation, telephone calls, reproduction of documents, automated legal research, computer utilization, secretarial overtime and special stenographic charges, deposition transcripts and reporter's charges, facsimile transmissions, courier and messenger services, travel expenses, filing and recording fees, expert witness and consultant fees, delivery and special postage expenses and extraordinary clerical, word processing and other overtime charges necessitated by the circumstances of the engagement.

    5.    In the event that any invoice of the Firm is not paid within thirty days of its date, the Firm will have the right, at its option and subject to any requirements for obtaining leave of court and of professional responsibility, to terminate its representation of the Client and to withdraw its appearance in any pending matters in which it is the Client's counsel of record. Unpaid invoices will also accrue interest thereon, from the date of invoice, at one (1%) percent above the highest prime rate charged by Fleet/BankBoston during such month. Your agreement to the terms of this letter constitutes express agreement by the Client to the terms of this paragraph, including agreement to the Firm's withdrawal under such circumstances.

Mr. Michael P. Vining, President
May 9, 2002
Page 3



      6.    You acknowledge that we have advised you that the outcome of this, or any, disputed matter in litigation is necessarily uncertain and that we have made no representation, guarantee or assurance with respect to the outcome or result of litigation.

      The foregoing fee arrangement relates solely to the matter referenced at the beginning of this letter and does not include further representation with respect to any other matter or matters. Such employment, if you desire to engage our services, will be the subject of separate retainer/engagement agreements if and when you desire and the firm accepts any such engagement.

      If the above meets with your approval, please sign and date the enclosed copy of this letter where indicated, and return it together with your payment of the stipulated retainer. This letter will then constitute the agreement between this Firm and the Client with respect to our engagement in this matter.

      I very much enjoyed meeting you again and discussing this matter with you and Ken Tatarian on Monday. I recognize that the situation created by Allied's actions has been stressful and unpleasant for you. I and my colleagues here are committed to doing everything that we can to secure a satisfactory conclusion to this matter.

      I trust that my attention to the necessary business arrangements does not obscure my real pleasure in accepting this engagement to represent you. I look forward to working with you.

By:_____
Laurence M. Johnson, Shareholder

ACCEPTED AND AGREED THIS
_____ DAY OF May, 2002

BY:_____
    Michael P. Vining, individually and as President on behalf of
    Atlantic Packing, Inc.

LMJ/dc

Mr. Michael P. Vining, President  
May 7, 2002  
Page 3

DAVIS MALM &  
D'AGOSTINE P.C.

6. You acknowledge that we have advised you that the outcome of this, or any, disputed matter in litigation is necessarily uncertain and that we have made no representation, guarantee or assurance with respect to the outcome or result of litigation.

The foregoing fee arrangement relates solely to the matter referenced at the beginning of this letter and does not include further representation with respect to any other matter or matters. Such employment, if you desire to engage our services, will be the subject of separate retainer/engagement agreements if and when you desire and the firm accepts any such engagement.

If the above meets with your approval, please sign and date the enclosed copy of this letter where indicated, and return it together with your payment of the stipulated retainer. This letter will then constitute the agreement between this Firm and the Client with respect to our engagement in this matter.

I very much enjoyed meeting you again and discussing this matter with you and Ken Tatarian on Monday. I recognize that the situation created by Allied's actions has been stressful and unpleasant for you. I and my colleagues here are committed to doing everything that we can to secure a satisfactory conclusion to this matter.

I trust that my attention to the necessary business arrangements does not obscure my real pleasure in accepting this engagement to represent you. I look forward to working with you.

By: _____  
Laurence M. Johnson, Shareholder

ACCEPTED AND AGREED THIS  
_____ DAY OF May, 2002

BY: _____  
Michael P. Vining, individually and as President on behalf of  
Atlantic Packing, Inc.

LMJ/dc

Mr. Michael P. Vining, President
May 9, 2002
Page 4

DAVIS MALM &
D'AGOSTINE P.C.

Enclosures

LMJ:lmj:sc
cc:    Kenneth Tatarian, Esq.

# EXHIBIT B



DAVIS MALM &
D'AGOSTINE P.C.
ATTORNEYS AT LAW

Laurence M. Johnson

February 27, 2008

Mr. Michael P. Vining
Atlantic Packaging, Inc.
20 Atlantic Avenue
Woburn, MA 01801

Re:   Vining and 20 Atlantic Avenue Corp vs. Allied Waste Industries, Inc. ("Allied") (the "Litigation")

Dear Michael:

This letter has reference to the letter agreement dated May 9, 2002 (the "Agreement") between you, individually and as President of 20 Atlantic Avenue Corp. (formerly Atlantic Packaging, Inc.) (hereinafter "Atlantic") and this Firm with respect to our representation both you and Atlantic (hereinafter collectively "You") in the Litigation.

The Agreement provided for the Firm's compensation on the basis of its established hourly rates, payable monthly and on a non-contingent basis. Nonetheless, in light of certain circumstances that have arisen, including but not limited to the magnitude of expense that has resulted and will continue to result from prosecuting the Litigation and the length of time that has been required to bring it to the point of imminent scheduling for trial, you have requested, and the Firm has agreed, to certain modifications in the Agreement. They are set forth as follows:

1. The Firm acknowledges that You have paid sums aggregating $750,000 in response to monthly invoices for professional services from the Firm based upon its established hourly time charges. Subsequent to such payments, the Firm has continued to bill You monthly, as before, but has deferred payment of such bills and You have continued to pay the Firm's invoices for disbursements. The present unpaid balance of the Firm's time charges for professional services is in excess of $800,000 and it is estimated that such balance will have increased to between $1,250,000 and $1,500,000 through the end of a trial. The Firm has agreed to make its presently unpaid bills for professional

468496v.1

direct  617-589-3810  direct fax 617-305-3110
email  ljohnson@davismalm.com
ONE BOSTON PLACE ♦ BOSTON ♦ MA ♦ 02108
617·367·2500  ♦  fax 617·523·6215
www.davismalm.com

Mr. Michael Vining
February 27, 2008
Page 2


Davis Malm &
D'Agostine P.C.

services, as well as its future time charge bills for its services through the completion of the matter, contingent upon a recovery (as hereinafter defined) subject to the following modified terms.

2. You will continue to pay all out-of-pocket disbursements incurred by the Firm and all charges for experts, consultants, stenographic transcripts and the like (hereinafter collectively "direct charges") that are forwarded or billed to You directly, on a timely basis as incurred and billed.

3. You shall remain solely liable for full payment of any unpaid balance of any out-of-pocket disbursements and/or direct charges and no portion of same shall in any manner reduce the Firm's entitlement to compensation as hereinafter set forth.

4. Payment of the present balance of, and all future, time charges for the Firm's professional services shall be contingent upon receipt of a recovery, whether by judgment in, or settlement of, the Litigation. "Recovery" shall mean all sums paid by or on behalf of Allied Waste Industries, Inc. to either or both of You or to this Firm as your counsel or otherwise for your use (and including both pre and post-judgment interest and any legal fee assessed by the Court against Allied on behalf of either or both of You), in connection with or on account of the Litigation and before deduction of any legal fees, disbursements, direct expenses, taxes or other costs incurred by either or both of You in connection with the Litigation or the Recovery. In the event of such Recovery, the then unpaid balance of the Firm's time charges for professional services shall be paid by division of such Recovery, dollar for dollar, between You and the Firm until such balance has been paid in full. In the event that there is no Recovery, or that the amount of the Recovery is insufficient to pay all of the Firm's time charges, You shall in no event be liable for payment of such time charges balance in an amount of more than fifty (50%) per cent of the amount of the Recovery.

5. Once the Firm's time charges for professional services have been paid in full pursuant to the provisions of the preceding paragraph, You shall retain the remaining balance of any such Recovery up to a Recovery (including both amounts paid to the Firm therefrom and amounts distributed to either or both of You pursuant to the preceding paragraph) of $14,500,000.

6. In the event of a Recovery in excess of $14,500,000, the Firm will be entitled, in consideration of its having made a substantial portion of its time charge compensation contingent, to contingent compensation in the amount of twenty five (25%) per cent of that portion of the Recovery in excess of $14,500,000.

7. Except as hereinbefore expressly set forth, the provisions of the Agreement between You and the Firm, dated May 9, 2002 are hereby confirmed.

468496v.1

Mr. Michael Vining
February 27, 2008
Page 3



The Firm encourages You to review this letter agreement with your corporate and individual counsel, Kenneth Tatarian, Esquire and/or with other counsel of your choice and, by executing the enclosed copy of this letter, you acknowledge that You have done so and that You understand and agree to its terms.

                    DAVIS, MALM & D'AGOSTINE, PC.

                    By _____
                        Laurence M. Johnson, a Shareholder

ACCEPTED AND AGREED TO THIS

____ DAY OF FEBRUARY, 2008

_____
Michael P. Vining, Individually and as the duly authorized
President of, and on behalf of, 20 Atlantic Avenue Corp.

LMJ/ja
Enclosure

468496v.1